Case 36—PETITION ORDINARY—Novemrer 16.

# Farley, Etc. v. Lewis' Adm'r.

APPEAL FROM HARLAN CIRCUIT COURT.

1. COUNTY JUDGES—ACCEPTANCE OF INSUFFICIENT BOND—RECORD
EVIDENCE.—In an action against a county judge for damages
by reason of his negligence in accepting an insufficient guar-
dians' bond, the record of the county court showing the ap-
proval of the bond is competent evidence against him, although
not signed by the county judge as required by the statute. Great
inconvenience and denial of justice would in many cases re-
sult from wholly rejecting as evidence the record of proceedings
of the county court simply because the judge neglected to
sign the same officially; besides, the defendant will not be
permitted to defeat a recovery against him by reason of his
own neglect, as county judge, to comply with the law.

FORESTER & FORESTER AND HOWARD & CLAY FOR APPEL-
LANTS.

TINSLEY & FAULKNER AND W. F. HALL FOR APPELLEE.

(Record and briefs not in the office.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The facts as alleged, upon which recovery is sought in this action are, January 3, 1887, Harlan County Court, of which Wilson Lewis was judge, appointed W. G. Farley guardian of Geo. W. Farley, an infant, who in open court executed bond for proper discharge of his duties, with W. G.

Hall, his only surety; but said Lewis, though accepting and approving the bond, negligently permitted one M. G. Farley to sign the name of Hall thereto without written authority to do so; that in virtue of that appointment W. G. Farley took possession of $1,171.25 belonging to his ward, which he squandered and failed to account for; and that although his successor as guardian, in 1892, sued and recovered personal judgment against him for the amount, no part of it has or, as shown by return on the execution issued, can be collected from him, while in the same action judgment went on a plea of *non est factum* in favor of Hall, the surety.

In his original answer filed in the present action the administrator of Wilson Lewis, who was then dead, admitted appointment of W. G. Farley as guardian, approval by the county court of the bond tendered and filed; also that Hall did not in person sign, nor in writing authorize another to sign, his name as surety; but denied liability upon the ground that it was a mere judicial error of his intestate in deciding the presence and acknowledgment of the bond in open court by Hall to be sufficient signing in meaning of the statute.

In an amended answer, however, that admission was withdrawn, and instead the allegation was made that defendant, administrator, has been informed and avers there is no order of Harlan County Court showing either the appointment of W. G. Farley guardian or acceptance and approval by the court of the bond in question.

On the trial plaintiff offered to show by copy of the order, regularly entered of record and attested by clerk of the county court, that in fact W. G. Farley was at the time stated appointed such guardian, and the bond, with his name and that of Hall signed to it, though not by the latter in

person, was approved by the court; indeed the bond, as plaintiff offered but not permitted to show, appears to have been endorsed with name of each, the judge and clerk, and filed. But no part of the record was permitted by the lower court to be read in evidence. And objection to parol evidence of the alleged facts being sustained, there was of course failure of proof and consequent verdict and judgment for defendant in the action.

The reason for such ruling of the lower court is that the proceedings of the Harlan County Court for January 3, 1887, which included orders appointing W. G. Farley guardian and approval of his bond, though duly entered by the clerk upon the proper order book, were not, as the statute required, signed by the presiding judge. It is true, as a general rule, that a record, not made up in the manner required by law is inadmissible as evidence of facts it purports to show; also that parol evidence can not be substituted for record evidence of a judicial proceeding. But as said in, Greenleaf on Evidence, section 83, "all rules of evidence, however, are adopted for practical purposes in the administration of justice, and must be so applied as to promote the ends for which they were designed." Therefore, the rule should be subject to exception when the general convenience requires it.

Besides the inconvenience and denial of justice that would in many cases result from wholly rejecting as evidence the record of proceedings of the county court, simply because the judge neglected to sign it officially, there is an additional and peculiar reason why the rule should not be applied in this case. That reason is, that if the record as it stands

be held unfit to show the facts constituting plaintiff's cause of action, the neglect of Lewis as county judge to comply with the law will avail to defeat a recovery against his estate, however just may be the demand.

In our opinion the administrator should not be permitted to raise objection to the record for that reason merely.

The judgment is reversed for a new trial of the action consistent with this opinion .